FILED
SUPERIOR COURT
OF GUAM

2023 AUG 16 PM 1:49

CLERK OF COURT

BY:_____

IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. **CF0128-21** |
| | ) | GPD Report No.: 21-05037/21-05743 |
| | ) | |
| vs. | ) | |
| | ) | **DECISION AND ORDER RE.** |
| | ) | **GRANTING REVOCATION** |
| | ) | **OF PROBATION** |
| TAICHY REPAKY, | ) | |
| (*aka* Rebki, *aka* Taichy Usefich) | ) | |
| DOB: 08/05/1992 | ) | |
| | ) | |

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon on April 26, 2023 for a Motion Hearing in the above-captioned matter upon the People's Motion to Revoke Defendant's Probation. Defendant, Taichy Repaky, was present with counsel Assistant Public Defender Peter Santos. Also present were Assistant Attorney General Grant Olan for the People, Mike Pocaigue for the Probation Office, and Karma Halbert for the Court's Chuukese Interpreter. During the Motion Hearing, the Court revoked the Defendant's probation, sentenced defendant to two (2) years incarceration, and now issues this written decision memorializing its ruling.

## BACKGROUND

In CF0128-21, Defendant, Taichy Repaky, was charged with 1) Aggravated Assault (As a Third Degree Felony), 2) Family Violence (As a Third Degree Felony), 3) Assault on a Peace

Officer (As a Third Degree Felony), and 4) Felony Escape (As a Third Degree Felony). Indictment, Mar. 15, 2021. The charges stem from two (2) incidents. The first incident occurred on or about February 26, 2021 when Defendant allegedly assaulted Vivian Hammon, victim, by physically pushing her out of the passenger seat of a still-moving Toyota Camry. Magistrate's Compl. Decl., March 8, 2021. The second incident occurred on or about March 6, 2021 when Defendant allegedly assaulted Guam Police Department Officer J.R. Cruz as Defendant was attempting to escape. *Id.*

On May 4, 2021, Defendant plead guilty to: 1) Assault (as a Misdemeanor) as a lesser-included offense to the Third Charge of Assault on a Police Officer (As a Third Degree Felony), and 2) Ordinary Escape (As a Misdemeanor) as a lesser-included offense to the Fourth Charge of Felony Escape (As a third Degree Felony). Judgment of Conviction (Guilty Plea Agreement), May 26, 2021. Defendant was sentenced to one (1) year at the Department of Corrections, all but sixty (60) days suspended with credit for time served, and to two (2) years supervised probation with Adult Probation Services Division. *Id.* Defendant was also required to pay a $100 fine and $80 court costs. *Id.* The Judgment also indicated that Defendant shall be liable for full restitution to victim, GPD Officer J.R. Cruz. *Id.* Lastly, Defendant was also required to perform 150 hours of community service with the Adult Probation Services Division. *Id.*

Two violations reports were filed by the Adult Probation Services Division. For the first violation, Probation Officer John F. Ulloa reported that the probationer violated the condition that he obey all local and federal laws. Violation Report, December 16, 2021. On December 10, 2021 at a Magistrate's hearing, the probationer was charged with Assault on a Police Officer, Resisting Arrest and Disorderly Conduct in CF0631-21. *Id.* The probationer was held on $5,000 cash bail in

that case. *Id.* For the second violation, Probation Officer John F. Ulloa reported that the Defendant violated the following conditions of probation:

1. Probationer shall report to Client Services & Family Counseling for assessment. The probationer report for processing on May 10, 2021 and was instructed to report back for an assessment but as of February 9, 2022, probationer has failed to do so.
2. The probationer shall pay a $80 court cost and $100 fine. As of February 9, 2022, the probation has made no payments to his court cost and fine.
3. The probationer shall perform 150 hours of community service. As of February 9, 2022, probation has yet to complete any of the required hours with his balance still at 150 hours.

Second Violation Report, February 10, 2022. The probation officer also noted in the report that a Warrant for Arrest was issued by Magistrate Judge Jonathan Quan in CF0631-21 on February 5, 2022. *Id.*

On February 23, 2022, the Court issued a Warrant for Arrest for this matter. Warrant of Arrest, February 23, 2022. Bail was affixed at $2,000. *Id.* A Return of Warrant indicated that Defendant was arrested and in Marshal Custody on February 28, 2022. On the same day, a Commitment Order indicated that Defendant be held in the Department of Corrections pending remand on Warrant on Arrest and next hearing date on March 11, 2022 at 1:00PM via Zoom. After the hearing, Defendant was released from the Department of Corrections and was ordered by the Court to report to Probation the following business day no later than 9:00AM in person. Release from Confinement, March 11, 2022.

On October 10, 2022, the Court filed a Summons commanding Defendant to appear before the Court for a Violation Hearing pursuant to the two (2) Violation Reports filed by the Adult Probation Services Division. Summons, October 10, 2022. The Violation Hearing was scheduled for November 28, 2022 at 9:00AM via Zoom. *Id.*

During the Violation Hearing, Defendant was being held at DOC for another case – CF0259-22 Commitment Order issued by Magistrate Jonathan Quan. Violation Hearing Minutes, November 28, 2022. Probation stated that Defendant has been held since April 2022. *Id.* Defendant did not provide sufficient justification for violating the conditions of probation and admitted he failed to complete his probation conditions within his term of probation.

On December 14, 2022, the People filed a Motion to Revoke Defendant's Probation. The Defendant's counsel did not file an opposition brief, which was due December 28, 2022. Notice of Motion, December 14, 2022.

On April 26, 2023, the Court held a Hearing on the People's Motion to Revoke Defendant's Probation.

## DISCUSSION

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

> [T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstance then existing will best satisfy the ends of justice and the best interests of the public.

9 GCA § 80.66(a)(2).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

> Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

*People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted). To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." *Id*. At ¶ 30 (citing *People v. Angoco*, 1998 Guam 10).

The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. 9 GCA § 80.68(a). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." *Id*. Should the Court revoke an offender's probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." 9 GCA § 80.66(b).

It remains undisputed that the Defendant was in violation of his probation conditions and that there was probable cause to support the violations. The Defendant has continually violated his probation by failing to be assessed by Client Services and Family Counseling, failing to may any payments towards fine and court costs, failing to perform any community service, and failing to obey all local laws when Defendant gathered two new criminal felony matters, CF0631-21 and CF0259-22. Minute Entry, Apr. 26, 2023.

Having found that the Defendant was in violation of his probation requirements, the next question the Court must resolve is whether "revocation under all the circumstances...will best satisfy the ends of justice and the best interests of public." 9 GCA § 80.66(a)(2).

Based on the review of the record, it is clear that the Defendant has exhausted the trust of the Court by violating the conditions of his probation as stated above. During the Motion Hearing, the Court found that the Defendant's other criminal matter (CF0259-22) would make the

Defendant incapable of completing the terms of his probation terms in this above-captioned matter, and that an extension of such probation would not cure the failure. Minutes Entry, Apr. 26, 2023. Were the Defendant's probation extended, it appears unlikely that any significant progress would be made to ensure compliance with the Court's orders. Therefore, the Court finds that revocation is in the public's best interest and satisfies the ends of justice. 9 GCA § 80.66(a)(2).

## CONCLUSION

For the reasons stated above, the Court hereby **REVOKES** the Defendant's probation in the above-captioned matter. The Defendant is hereby **SENTENCED** to two (2) years incarceration at the Department of Corrections, Mangilao. Defendant shall be credited for any time already served in the above-captioned matter. After the completion of the Defendant's sentence, the Court shall close this case.

**SO ORDERED**, this _Aug. 15, 2023_ , *nunc pro tunc* to April 26, 2023.

**HONORABLE MARIA T. CENZON**
**Judge, Superior Court of Guam**